daughter. We therefore hold that the trial court correctly admitted the third statement into evidence.

■■ Defendant freely admits that her statement to the assistant State's Attorney was preceded by a full explanation as to her constitutional rights. However, citing *Westover v. United States* (1966), 384 U.S. 436, she argues that the warnings came too late to dissipate the effect of the prior invalid questioning. Since we have held that the prior questioning did not result from improper custodial interrogation and that *Miranda* thus did not apply, no error was committed in admitting the statement given to the prosecutor into evidence.

For the reasons stated, the judgment of the circuit court of Cook County is reversed, and the cause is remanded for a new trial.

Judgment reversed and remanded.

DEMPSEY, P. J., and McGLOON, J., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONNIE IRVING *et al.*, Defendants-Appellants.

(Nos. 58195, 58196 cons.;

First District (3rd Division)—October 18, 1973.

PER CURIAM.

James J. Doherty, Public Defender, of Chicago, (Lee T. Hettinger, Assistant Public Defender, of counsel,) for appellants.

Bernard Carey, State's Attorney, of Chicago, (Kenneth L. Gillis and John M. Cutrone, Assistant State's Attorneys, of counsel,) for the People.